IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-01711-LTB-CBS

GERALD STEINSIEK,

    Plaintiff,

v.

CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,

    Defendant.

_____

**STIPULATED PROTECTIVE ORDER**
_____

        IT IS STIPULATED AND AGREED BY THE PARTIES, THROUGH THEIR RESPECTIVE COUNSEL, THAT:

        1.    Plaintiff Gerald Steinsiek ("Steinsiek" or "Plaintiff") has filed a lawsuit against Defendant Cellco Partnership d/b/a Verizon Wireless ("Defendant"), which is presently pending in the United States District Court for the District of Colorado.

        2.    Plaintiff currently has pending claims for age discrimination and retaliation under federal law.

        3.    Through discovery in connection with that action, Plaintiff seeks documents and other information concerning current or former employees of Defendant and individuals who have applied to be employees of Defendant, who may have a reasonable expectation of privacy regarding such information.  This discovery involves confidential, non-

public personnel information concerning current or former employees of Defendant and individuals who have applied to be employees of Defendant.

4. The parties enter into this Stipulation in order to address those non-party privacy interests and obligations that Defendant may have concerning those interests. The information covered by this Stipulation is information concerning Defendant's current and former employees and individuals who have applied to be employees of Defendant. Such information is referred to as "Confidential Information" in the remainder of this Stipulation.

THEREFORE:

5. PLAINTIFF AND DEFENDANT HEREBY STIPULATE that Confidential Information, whether presented in documents, discovery, summaries, or any other means, will be used only for the purposes of this action, which includes pre-trial motions, depositions, trial, and appeals, and will not be publicly disseminated or discussed outside of this lawsuit.

6. Any document produced by, or used by, a party in this action which contains Confidential Information should be marked "confidential" or orally designated as such during a deposition. If any party disagrees with the designation or non-designation regarding the confidential basis of any documents, the parties shall meet and confer over the issue, with the confidentiality of the document or information observed until the matter has been resolved in a meet and confer process or by the court.

7. Absent a court order or the agreement of the parties, Confidential Information covered by this protective order is not to be made public in any way or provided to, shown to, quoted from, or cited to any third party, except (a) any prospective witness or

deponent (or their counsel) connected to this case, or (b) any professional consultant retained by a party in this case, or (c) in any court proceeding in the case, as defined in ¶ 3.  If any such witness, deponent, or consultant (who otherwise is not entitled to access to the information) is provided with material or information covered by this protective order, he or she will be advised, either orally or in writing, of the prohibition against disclosure of that information and will be required to sign an acknowledgement stating that he or she has been informed of, and accepts the obligation not to disclose confidential information, prior to receiving such information.

8.   Nothing in this protective order shall be construed as requiring any party to produce information which it considers privileged or otherwise not subject to discovery.  By entering into this Stipulation, neither party waives any objections it would otherwise have to any discovery requests propounded in this action.  Nor will disclosure, pursuant to this Stipulation, of materials protected by the right of privacy be deemed a waiver of a third party's claim to right of privacy.

9.   This Stipulation does not prevent either party from contending that a particular document or documents is entitled to a greater degree of protection through a sealing of that document from public review.  Should either party propose such a sealing, the parties will meet and confer to attempt agreement on sealing and any procedure to be followed for sealing.  Any disagreement over sealing may be presented to the Court for resolution.  The parties will not make such an identified document public until the sealing issue is resolved.

10.  This Stipulated Protective Order is subject to change only through written agreement of the parties or pursuant to a motion for modification.  The obligations imposed by

this Stipulated Protective Order will continue past the conclusion of this matter, whether by settlement or adjudication.

DATED at Denver, Colorado, this 18th day of May, 2006.

                                                BY THE COURT:

                                                *s/Craig B. Shaffer*
                                                Craig B. Shaffer
                                                United States Magistrate Judge